CAUSE NO: 13-14-00665-CV

| | | |
|---|---|---|
| **ERIC DRAKE** | § | **THIRD COURT OF APPEALS** |
| | § | |
| *Appellant* | § | |
| | § | |
| **VS** | § | |
| | § | |
| **KASTL LAW P.C. ET AL** | § | **AUSTIN TEXAS** |

*Defendants*



FILED
March 2, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

RECEIVED
MAR 02 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## APPELLANTS' MOTION TO TRANSFER TO IMPROPER COUNTY AND CHANGE OF VENUE

TO HONORABLE SAID JUDGE:

COMES NOW, Appellant, Eric Drake and respectfully request that the above cause of action is transferred to an improper country or venue in the interest of justice and impartiality.

1.     Appellant Eric Drake believes that this Court has been unfair and hostile toward him. He respectfully requests to have the above cause of action transferred to the Twelve Court of Appeals if none of those justices are past attorney generals, or are relatives of Scot Graydon, or relatives to any of the defendants in the above suit.

2.     The Appellant is filing this motion to transfer after experiencing wrongful, bias, and perjured actions of this Court and the possibility of

local prejudiced because of the people involved are influential in the juridical community in Travis County, Texas.

3. Appellant requests a hearing on his motion to transfer. He believes that any nonbiased and impartial appellate court would agree with his legal opinion in his original brief—yet, Appellant does not believe that this Court would rule impartiality when a assistant attorney general is being accused of committing a felony offense. It is Appellant's opinion that this Court will possibly try and assist Scot Graydon, rather than justly rule on the above cause and punish him for his outlandish but intentional unethical and criminal behavior.

4. Appellees cannot claim that there would be any hardships to have the above caused transferred to another court of appeals. There are no witnesses to testify in this case, and an appellate court may not even allow oral arguments. The balance to "justice" out weighs leaving the above matter in this Court, which have shown bias towards Drake. Moreover, there is the possibility that Graydon would be given special treatment by this Court because he is an assistant attorney general by those who have worked with this state agency (AGO) before who are justices in this Court. Thus, the transfer that the Appellant is seeking would not impose any hardship or

injustices on any other party. CPRC 15.002(b)(3). However, transferring the above cause would at least give the average person the feeling that the Appellant's brief would be adjudicated fairly. The Appellant is requesting this Court to transfer the above cause to a venue that is not a County of proper venue for justice and for Drake to obtain possibility a fair and impartial judgment and hearing. CPRC §15.002(b).

5.     A party should file a motion for change of venue normally with its answer or as soon as it is apparent that change of venue is necessary. Appellant therefore asks that the above cause of action is transferred before the Court has had an opportunity to review his brief. CPRC 15.002(b). However, maintaining this appeal in this Court, with even an appearance of prejudice and biasness toward the Appellant is justifiable reasons to transfer.

6.     In closing, being that Appellant will be filing a federal lawsuit where he will name justices of this Court, as well as several other employees of this Court, it would be better if the above cause is transferred as pled herein. For these reasons, Appellant Eric Drake respectfully requests that the Court transfer the above cause from its venue (Travis County) to the Twelve Appeals Court in Texas before making any other rulings or decisions in the above cause. Appellant requests a hearing on his motion to transfer.

Respectfully submitted,

Eric Drake
Pro-Se
P.O. Box 833688
Richardson, Texas 75083
214-477-9288


## CERTIFCATION OF CONFERENCE

Plaintiff, Eric Drake attempted to conference with Kristina Kastl of Kastl Law Firm by she has repeatedly refused to conference with the Plaintiff. After the third requests, Plaintiff submits this motion to the Court for its determination. Plaintiff also attempted to conference with Scot Graydon, (the unethical assistant attorney general who perjured himself before the trial court on August 19, 2014), but Mr. Graydon has repeatedly refused likewise to conference with the Plaintiff. David Harris, is representing a judge in Dallas County, but it would appear that Mr. Harris is no longer an assistant attorney general—at least from the information Plaintiff received. Frank Waite has repeatedly conference with the Plaintiff and has repeatedly said that he has no objections in the Plaintiffs filing, although the Appellant as he has not been able to reach Mr. Waite by telephone after repeated attempts. The Dallas District Attorneys office was closed a few days because of the weather. Therefore the Appellant files this motion with the Court for its ruling and decisions.

Eric Drake

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I served the foregoing "MOTION TO TRANSFER," by causing one paper copy Hand Delivered to the Clerk of the Court of the Travis County Clerk of Court in Austin, and a copy forwarded to all other parties or defendants through their legal counsel by U.S. Mail that are named herein.

Scot Graydon
300 West 15TH Street, Ste 2
Austin, Texas 78701
512-475-4413

David Harris
300 West 15TH Street, Ste 2
Austin, Texas 78701
Telephone: 512-475-4413

Kastl Law P.C.
4144 N. Central Expressway
Ste 300, Dallas, Texas 75204
Telephone: 214-821-0230

Vikki Ogden
411 Elm Street, Ste 500
Dallas, Texas 75202
Telephone: 214-653-7568

Eric Drake